## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LAURIE KILLINGER-SMITH

        **Plaintiff,**

**v.**                                                          **Case No: 6:25-cv-1982-CEM-DCI**

OSCEOLA COUNTY BOARD
OF COUNTY COMMISSIONERS

        **Defendant.**

_____

### REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant's "Unopposed Motion to Strike and/or Dismiss Count II of Plaintiff's Complaint." Doc. 12 (the Motion). The undersigned recommends that the Motion be granted in part.

In the Complaint, Plaintiff alleges two claims. Count I is titled, "Disability Discrimination (ADA – Failure to Accommodate / Disparate Treatment / Retaliation)." Doc. 5-1 at 4. Count II is titled, "Reservation / (Optional) COUNT II - Florida Civil Rights Act (if ripe now)." *Id*. at 5.

Defendant simultaneously filed both an Answer (Doc. 11) and the Motion. Indeed, in the Answer, as to the allegation in Count II, Defendant stated, "Defendant is simultaneously moving to strike Count II of the underlying Complaint, in its totality including paragraphs 24 – 26. Said motion is hereby adopted and incorporated by reference. To be sure, any purported allegation in Count II is denied." Doc. 11 at 3.

In the Motion, Defendant seeks to strike or dismiss Count II, arguing that Count II is an improper attempt to reserve a right to amend and add a future claim. Doc. 12. In the conferral

statement of the Motion, Defendant represents that Plaintiff "does not object to the relief herein requested." *Id*. at 2.  Further, Plaintiff did not respond to the Motion.  *See* Local Rule 3.01(d) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").  So, the Court deems the Motion unopposed.

The undersigned agrees that Plaintiff's attempt to allege as a count a reservation to file future claims is improper.  Amendment to allege new claims must comply with the orders and rules governing of the Court.  *See, e.g.*, Fed. R. Civ. P. 15.  As such, the reservation of rights has no legal effect and is due to be stricken.  *See Rodriguez v. Allstate Ins. Co*., No. 11-21042-CIV, 2011 WL 13223708, at *3 (S.D. Fla. May 23, 2011), *report and recommendation adopted in part*, No. 11-21042-CIV, 2011 WL 13223734 (S.D. Fla. June 17, 2011) ("Because the reservation of rights is not a viable defense, and has no legal effect, I recommend the Court strike the reservation of rights.").

The undersigned does not recommend dismissal of Count II *per se*, nor dismissal of the claims purportedly reserved therein, because those claims are not properly before the Court and have not actually been alleged in this case.

Based on the foregoing the undersigned **RECOMMENDS** that the Court **GRANT in part** the Motion (Doc. 12) and strike paragraphs 24, 25, and 26 of the Complaint (Doc. 5-1).

The Report and Recommendation dated November 14, 2025 (Doc. 20) is hereby **VACATED** and this Report is substituted in its place to correct a typographical error concerning the paragraphs to be stricken and to reflect that the Motion is granted in part as stated herein.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension

2

of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

    **RECOMMENDED** in Orlando, Florida on February 24, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

3