**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LAURIE KILLINGER-SMITH**

> **Plaintiff,**

**v.**                                                 **Case No: 6:25-cv-1982-CEM-DCI**

**OSCEOLA COUNTY**

> **Defendant.**

_____

## ORDER

Before the Court is Defendant's Motion to Compel Plaintiff's Production of Records and Answer to Interrogatory.  Doc. 33 (the Motion).  In the Motion, Defendant asserts that Plaintiff has failed to respond sufficiently with respect to Interrogatory 12 and Requests for Production (RFPs) 6, 8, 9, 10, 11, 16, 23, and 25.  *Id.*  Plaintiff has filed a response (Doc. 34), and the matter is ripe for adjudication.  The Motion is due to be granted in part.

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Information within this scope of discovery need not be admissible in evidence to be discoverable.  Fed. R. Civ. P. 26(b)(1).  Federal Rule of Civil Procedure 34(a) requires a party to produce documents responsive to a request for production so long as those documents are in the party's "possession, custody, or control."  "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."  *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).  Courts have considered documents to be under a party's control when the party has the "right, authority, or practical ability to obtain the materials sought on demand."  *Costa v.*

*Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. Nov. 17, 2011) (citations omitted). Further, "it is well-established that Rules 33 and 34 are 'equally inclusive in their scope.' . . . [so] the principles governing Defendants' obligation to respond to Plaintiff's interrogatories is the same as those governing" an obligation to respond to document requests. *Id.* (citation omitted).

*Interrogatory 12*

In Interrogatory 12, Defendant requested that Plaintiff identify any case in which Plaintiff had been a party. Doc. 33 at 2. Plaintiff responded that she had "not been a party to any legal proceedings relevant to the claims or defenses in this action." *Id.* at 3. Defendant found this response "incomplete," as the interrogatory was not limited to legal proceedings relevant to the claims or defenses in this action. *Id.* In the Motion, Defendant seeks a supplemental response. *Id.* The parties conferred further, and Plaintiff stated that she would supplement her response, but, according to Defendant, she did not. *Id.* In her response, Plaintiff states that she "has supplemented her response to identify additional proceedings to the best of her knowledge." Doc. 34 at 2. Plaintiff does not oppose the Motion as to Interrogatory 12. Accordingly, as the request is unopposed, the Court finds that the Motion is due to be granted as to Interrogatory 12.

*Requests for Production 6, 8, 11, 16, 23, and 25*

As to RFPs 6, 8, 11, 16, 23, and 25, Defendant asserts that Plaintiff responded to the discovery requests by stating that she would provide responsive documents, but she did not actually provide the documents. Doc. 33 at 3. Again, Plaintiff responds that she has produced all of the responsive documents within her possession, custody, and control through a supplemental production. Doc. 34 at 3. So, once again, Plaintiff does not actually oppose the Motion as to RFPs 6, 8, 11, 16, 23, and 25, and, as the request is unopposed, the Court finds that the Motion is due to be granted as to RFPs 6, 8, 11, 16, 23, and 25.

*Requests for Production 9 and 10*

In RFPs 9 and 10, Defendant requested:

9.      Any and all psychological or psychiatric records, counseling or therapy notes, or other materials generated by such health care providers, which make reference to or support any claim for damages asserted by Plaintiff in the instant action.

10.     Any and all hospital records, medical records, or other materials generated by health care providers, which make reference to or support any claim for damages asserted by Plaintiff in the instant action.

Doc. 33 at 3-4.  Plaintiff responded to the RFPs as follows:

9.      Plaintiff objects to the extent this request seeks psychotherapy notes or privileged communications. Subject to this objection, Plaintiff will produce non-privileged treatment summaries and billing documentation within her possession as necessary.

10.     Plaintiff will produce non-privileged medical billing summaries and Explanations of Benefits (EOBS) currently within her possession relating to treatment at issue and will supplement as additional documentation becomes available.

*Id*. at 4.

Defendant asserts that Plaintiff has placed her mental and physical health and condition in issue by claiming damages related to both.  Doc. 33 at 5-6.  Accordingly, to the extent Plaintiff seeks to assert any medical- or psychotherapist-related privilege, it is waived.  Plaintiff responds that she will produce any "non-privileged medical records within her possession that are reasonably related to the medical conditions referenced in the Complaint and within the relevant time period of the events at issue in this action."  Doc. 34 at 4.  Further, Plaintiff specifically objects to producing documents that she considers privileged—including subject to the psychotherapist privilege—and that she otherwise deems overbroad.  *Id*. at 4-5.  Plaintiff asserts elsewhere in her response that records held by third-party providers should be subject to third-party record requests by Defendant.  *Id*. at 3.

The United States Supreme Court has recognized a psychotherapist-patient privilege. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) (holding "that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure"). That said, the "psychotherapist-patient privilege only protects evidence of such confidential communications, not all facts or matters related to a patient's mental health conditions, diagnoses, or treatment more broadly." *Taylor v. Grayson & Assocs. P.C.*, 2024 WL 6885000, at *18 (N.D. Ala. Aug. 14, 2024) (citing *Hobbs v. United States*, 2017 WL 5194520, at *4 (11th Cir. Apr. 28, 2017) (describing the privilege as protecting only "confidential communications" and acknowledging that it would not prevent a therapist from being compelled to testify about their patient's mental health diagnosis, prior hospitalization, and characteristics associated with a diagnosis); *United States v. Murra*, 879 F.3d 669, 680 (5th Cir. 2018) (recognizing that the privilege extends only to communications, not facts; noting that a patient "cannot be compelled to answer the question, 'What did you say to your psychotherapist?,'" but that the patient "may not refuse to disclose any relevant fact within her knowledge merely because she discussed those facts in a confidential communication with her psychotherapist,")). And like any other privilege, it may be waived. *See J.P. as Next Friend of A.W. v. Elmore Cnty. Bd. of Educ.*, 2021 WL 6926819, at *2 (M.D. Ala. Aug. 26, 2021) ("While the Eleventh Circuit has been silent on the issue of implied waiver of the psychotherapist-patient privilege, district courts in this circuit have agreed with other federal courts that the privilege is impliedly waived when a plaintiff puts his mental or emotional state at issue."). That said, some district courts in this circuit have found that "a party may waive the privilege if he seeks damages for severe emotional distress or otherwise makes his mental health an issue in the case, but a 'garden variety' claim for mental anguish will not result in waiver." *Id.* (citing *Chase v. Nova Se. Univ., Inc.*, 2012 WL 1936082, at

4

*2, 4 (S.D. Fla. May 29, 2012)).  In her response, Plaintiff claims that her allegations are "garden variety" and that, as such, she has not waived her psychotherapist-patient privilege.  Doc. 34 at 5. Plaintiff does not squarely address in her response the nature of the underlying disability she alleges in this case.

In this case, Plaintiff has placed at issue both her mental and physical health.  This case involves a claim under the Americans with Disabilities Act in which Plaintiff asserts that Defendant violated the ADA by discrimination, a failure to accommodate her disability, and retaliation.  Doc. 5-1 at 4-5.  As to her alleged disability, Plaintiff asserted that:

> 9.      In October 2022, due to disabilities that substantially limit major life activities (including anxiety and related symptoms), Plaintiff requested the reasonable accommodation of continued remote work (with in-person attendance as needed).
>
> 10.     Plaintiff provided supporting documentation from her mental-health providers and primary-care physician.

*Id*. at 2.  Later, Plaintiff alleged that Defendant's "HR and management discounted medical documentation and failed to consider effective alternatives."  *Id*.  Plaintiff alleged that Defendant's "actions worsened Plaintiff's health, caused economic and emotional harm, and cut short her planned path to retirement."  *Id*. at 3.  Plaintiff further alleged that, "As a direct and proximate result, Plaintiff suffered lost wages and benefits, future loss (front pay), and emotional distress." *Id*. at 4.  Due to that harm, Plaintiff requests, among other things, compensatory damages.  *Id*. at 5.

Thus, Plaintiff's physical and mental health are at issue both as the basis for the underling ADA claim and due to her alleged mental injuries resulting from Defendant's conduct.  *See also Dickerson v. Barancik*, 2019 WL 9904279, at *1 (M.D. Fla. Nov. 5, 2019) ("[C]ourts in the Middle District of Florida have ruled that a plaintiff's medical records are discoverable where they are

relevant to the plaintiff's claims for physical or mental injuries.") (citing *Newmark v. Rambosk*, 2016 WL 3459428, at *2 (M.D. Fla. June 24, 2016) (granting motion to compel production of plaintiff's medical and mental health records where plaintiff "placed his mental health at issue by making a compensatory damages claim for indignation and humiliation, and the information requested by Defendant is related to that claim"); *Johnson v. Scott*, 2014 WL 4322320, at *3 (M.D. Fla. Sept. 2, 2014) (finding plaintiff's medical records were relevant and discoverable where plaintiff asserted claims for physical and mental injuries); *Walker v. City of Orlando*, 2007 WL 3407409, at *1 (M.D. Fla. Nov. 13, 2007) (compelling production of medical records where plaintiff's "claims for damages for 'mental anguish,' as pled in the Complaint, . . . placed his mental health in issue").

"To prevail on a claim of disability discrimination based on a failure to accommodate under the ADA, a plaintiff must demonstrate that she (1) has a disability under the ADA; (2) was a 'qualified individual' when she suffered the adverse employment action; and (3) was discriminated against because of her disability by being denied a reasonable accommodation that would allow her to keep working." *Martinez-Lopez v. GFA Alabama Inc.*, 797 F. Supp. 3d 1309, 1356–57 (N.D. Ga. 2025) (citing *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001)). Here, Plaintiff alleges that she suffers from "disabilities that substantially limit major life activities (including anxiety and related symptoms)." Doc. 5-1 at 2. Plaintiff then alleges that Defendant violated the ADA (via discrimination, a failure to accommodate, and retaliation) despite being provided "supporting documentation from her mental-health providers and primary-care physician." *Id*. at 2. There are no allegations concerning any perceived disabilities, so it appears that an essential element of Plaintiff's claim is that she suffers from a disability that includes "anxiety and related symptoms." *Id.* Thus, based on her allegations alone, Plaintiff has placed her

6

mental health directly in issue in this case.  Indeed, courts have found that "the most common way for a plaintiff to place their mental or emotional condition at issue and waive the psychotherapist-patient privilege is to assert an ADA violation based on an alleged mental disability."  *Taylor v. Grayson & Assocs. P.C.*, 2024 WL 6885000, at *19 (N.D. Ala. Aug. 14, 2024) (cleaned up) (quoting *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 225 & n. 8 (D.N.J. 2000)) (citing *Jacobson v. City of W. Palm Beach*, 2017 WL 11549934, at *2 (S.D. Fla. Jan. 12, 2017) ("[T]o prove his allegations of discrimination under the Rehabilitation Act and the ADA, Jacobson must demonstrate that he is disabled by anxiety and depression. Because Jacobson has placed his mental condition directly at issue, he has waived the psychotherapist privilege for communications relevant to his mental condition.")).

As to mental injuries, Plaintiff alleges only an unadorned claim for "emotional distress." Plaintiff alleges no specific condition, diagnosis, or any details concerning that emotional distress. Further, Plaintiff disclaims any intent to rely on any expert testimony and provides no indication that she intends to assert a specific diagnosis or mental health condition resulting from the alleged actions of Defendant in this case.  Doc. 34 at 5.  As such, the mental injuries alleged appear to fall squarely within the concept of "garden variety" mental injuries.  But due to the allegations of the ADA claim, even if the Court were persuaded that Plaintiff's allegations of mental injuries do not result in a waiver of the psychotherapist-patient privilege because her claimed mental injuries might be "garden variety," waiver has occurred through the ADA discrimination claim itself, not necessarily through the allegations concerning damages.

So, to the extent that Plaintiff was treated by a psychotherapist and that psychotherapist created notes, the Court finds that Plaintiff waived the psychotherapist-patient privilege.  However, given the record before the Court, it is unclear whether Plaintiff was, in fact, treated by a licensed

7

psychotherapist at all.  But to the extent such records exist, Plaintiff has waived any privilege she may have.  Indeed, such waiver (as well as the relevance of the records) is supported by Plaintiff's allegations that she has already provided "supporting documentation from her mental-health providers and primary-care physician" to Defendant.  Doc. 5-1 at 2.

Finally, while Plaintiff asserts that she does not have documents responsive to certain RFPs in her possession, she does have her medical and mental health records within her control, as she has "the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).  Accordingly, she is directed to obtain any responsive records and provide them to Defendant or, in the alternative, provide Defendant with a signed medical waiver that would permit Defendant to obtain them directly from her medical and mental health providers.

Accordingly, it is **ORDERED** that:

1.  The Motion (Doc. 33) is **GRANTED in part** to the extent that, on or before April 13, 2026, Plaintiff must:

    a.  Provide a full response to Interrogatory 12 or certify in writing that the previous response, including any supplement already made, is complete pursuant to Federal Rule of Civil Procedure 33;

    b.  Provide all documents relevant to Requests for Production 6, 8, 11, 16, 23, and 25 or certify in writing that the previous response, including any supplement already made, is complete pursuant to Federal Rule of Civil Procedure 34; and

    c.  Provide all documents relevant to Requests for Production 9 and 10 or an executed medical waiver in a form acceptable to Defendant along with a list of the names and addresses of all Plaintiff's medical and mental health providers from 2019 to the present; and

2.  The Motion (Doc. 33) is **DENIED in all other respects**, including to the extent it requests reasonable expenses or other sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5), as the Court finds that, on this record, that the circumstances make an award of expenses unjust.

ORDERED in Orlando, Florida on March 30, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party